# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Debbie Reed** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **5:11CR02481-002JB**<br>USM Number: **63817-051**<br>Defense Attorney: **Bernadette Sedillo, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(B) | 07/20/2011 | 1 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s 2, 4 and 6** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 26, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 27, 2012**
Date Signed

Defendant: **Debbie Reed**
Case Number: **5:11CR02481-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **51 months**.

**Defendant Debbie Reed, pursuant to a Plea Agreement, filed November 23, 2011 (Doc. 34), pled guilty to the Indictment, filed September 20, 2011 (Doc. 2), charging her with a violation of 21 U.S.C. § 846, that being conspiracy to possess with intent to distribute five grams and more of methamphetamine, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). The parties stipulate that Reed is responsible for 48.4 grams of pure methamphetamine. See Plea Agreement ¶ 9(a), at 4. The parties agree to a 2-level reduction to her offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 9(b)-(c), at 4. The parties also stipulate that, pursuant to U.S.S.G. § 3B1.2, Reed was a minor/minimal participant in the criminal conduct and that she is entitled to a 3-level reduction in her base offense level. See Plea Agreement ¶ 9(d), at 5. Reed waives her right to appeal her conviction, and any sentence at or under the maximum statutory penalty authorized. See Plea Agreement ¶ 13, at 6.**

On January 19, 2012, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Reed. The PSR calculates a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5) and the Plea Agreement. See PSR ¶ 45, at 14. The USPO notes, however, that the base offense level should be 34, based on Reed`s possession of 48.4 net grams of methamphetamine, 2.57 net kilograms of methamphetamine, and .0703 net kilograms of marijuana. See PSR ¶ 45, at 14. The PSR applies a 2-level reduction, pursuant to U.S.S.G. § 2D1.1(b)(16), based on Reed debriefing with law enforcement. See PSR ¶ 46, at 14. The USPO then applies a 2-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(12), based on Reed maintaining a premises for the purpose of manufacturing or distributing a controlled substance. See PSR ¶ 47, at 14. The PSR applies a 3-level reduction, pursuant to U.S.S.G. § 3B1.2(a) and the Plea Agreement, based on Reed having a minor/minimal role. See PSR ¶ 49, at 15. The USPO notes, however, that Reed should receive a 2-level reduction based on her role as a minor participant. See PSR ¶ 49, at 15. The PSR calculates Reed`s adjusted offense level as 27 and her total offense level as 24 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 51-53, at 15. The PSR calculates Reed`s criminal history category as I based on 1 criminal history point. See PSR ¶ 58, at 19. The PSR notes that a five-year statutory minimum applies, based on 21 U.S.C. § 841(b)(1)(B), but asserts that Reed meets the criteria set forth in U.S.S.G. § 5C1.2, a limitation on the applicability of statutory minimums. See PSR ¶¶ 108-09, at 31. Accordingly, the PSR calculates that an offense level of 24 and a criminal history category of I establishes a sentencing range of 51 to 63 months. See PSR ¶ 109, at 31. At the March 26, 2012 sentencing hearing, the Court found that the base offense level should be 34, following the USPO`s recommendation, and that Reed is entitled to only a 2-level reduction in offense level based on her role as a minor participant. The Court notes that, at the hearing, the Court incorrectly stated that Reed had a total offense level of 28. A base offense level of 34, with 2-level minor-role reduction, 2-level reduction pursuant to U.S.S.G. § 2D1.1(b)(16), a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12), and a 3-level reduction for acceptance of responsibility, however, establishes a total offense level of 29, which with a criminal history category of I, establishes a guideline imprisonment range of 87 to 108 months.

Reed asks the Court to vary to sentence of 51 months. Plaintiff United States of America agrees that a 51-month sentence was appropriate in this case. There not being any objections, the Court adopts the PSR`s factual findings and, with the exception of the two changes that the Court made to the base offense level and role reduction, the Court also adopts the PSR`s guideline calculations. The Court accepts the Plea Agreement and finds that Reed meets the criteria for U.S.S.G. § 5C1.2, because: (i) she does not have more than 1 criminal history point; (ii) she did not use violence, threats, or a firearm during the commission of her offense; (iii) the offense did not result in death or serious bodily injury to any person; (iv) she was not a leader, organizer, manager, or supervisor of others in the offense; and (v) she truthfully provided to the government all information and evidence concerning the offense. See U.S.S.G. § 5C1.2. An offense level of 29 combined with a criminal history category of I establishes a guideline imprisonment range of 87 to 108 months.

Reed conspired to distribute at least 48.4 net grams of methamphetamine. The Court has carefully considered the parties` arguments and the circumstances of this case. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Reed`s offense. The Court then considered the kinds of sentences and ranges established in the guidelines, and the Court agrees that a sentence of 51 months is sufficient to reflect the seriousness of this offense. The Court finds that Reed likely would not have become involved in this offense except for her relationship with her boyfriend and co-Defendant William Kurtz. Reed took direction from Kurtz and largely used this activity to fund her own drug addiction. Reed had a difficult childhood.

At age 12, her father, who was an alcoholic, tried to rape her. See PSR ¶ 66, at 21. She was then sent to live with an aunt, which felt like a punishment. Her grandfather also emotionally abused her. Reed`s prior marriage at eighteen, to Pasqual Marquez, a man more than twenty years her senior, also involved physical and emotional abuse. See PSR ¶ 69, at 21. Her twenty-year relationship with John Scott ended when he died from an overdose on alcohol and pain medication in 2005, and another relationship with Scottie Murray ended after he became abusive and sexually assaulted her. See PSR ¶¶ 70, 73, at 22-23. In 1998, Reed suffered from an abscessed tooth which caused life-threatening complications and, in 2005, Reed underwent surgery for her carpel tunnel syndrome. See PSR ¶¶ 77-78, at 24. Both of these procedures left her with scars. Currently, Reed suffers from "tennis elbow" and has been told she needs surgery to repair her left elbow. PSR ¶ 81, at 25. She experiences short term memory problems and has a mass in her left arm, which causes her pain. See PSR ¶¶ 82-84, at 25. Reed has been diagnosed with depression and panic attacks, and, in 2005, was formally diagnosed as having bipolar disorder. See PSR ¶¶ 86-87, at 26. In 2008, she attempted suicide. See PSR ¶ 88, at 26. She also has a long-term history of methamphetamine abuse and has completed several substance-abuse treatment programs. See PSR ¶¶ 93-95, at 28.

The Court believes that Reed is before the Court because she is attempting to self-medicate and address the extraordinarily difficult life she has led. She has a substance-abuse problem and used low-level drug-trafficking as a means of feeding her addiction. She also suffers from mental-health problems, which contributed to her substance abuse. Given these mitigating circumstances the Court finds that a sentence of 51 months reflects the serious of the offense, promotes respect for the law, and provides a more just punishment. The Court believes that the length of this sentence, as well as the lengthy period of supervised release which Reed must complete, will provide specific and general deterrence. The Court also finds that this sentence is sufficient to protect the public and, although it is a substantial variance, it avoids unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct, because of the unique circumstances of this case. Additionally, because of some of the conditions that the Court will impose as part of supervised release, the Court finds that this sentence will provide Reed with some needed training, education, and care to help her with her mental health and drug abuse problems. Accordingly, the Court agrees with the parties that a 51-month sentence is appropriate.

In light of Reed`s difficult childhood, the abuse she suffered, her addiction, and her mental health problems, the Court believes that a sentence of 51 months fully and effectively reflects the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Reed to 51-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Carswell Federal Medical Center, Fort Worth, Texas, if eligible**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　　☐ at   on
　　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Debbie Reed**
Case Number: **5:11CR02481-002JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Debbie Reed**
Case Number: **5:11CR02481-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics and other contraband at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

**The Defendant and co-Defendant must participate in a couple`s counseling program.**

**The Defendant must participate in and successfully complete an outpatient substance abuse treatment program, as approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The Defendant shall reside at and complete a program at a Residential Re-Entry Center, as approved by the probation officer, for a period of 6 months.**

Defendant: **Debbie Reed**
Case Number: **5:11CR02481-002JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒    In full immediately; or

B     ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.